■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL "P"*, Appellant.— Appeal from a judgment of the County Court of Greene County, rendered December 3, 1973, which adjudicated defendant a youthful offender. Defendant, a 17-year-old high school student, was charged with the crime of criminal possession of stolen property in the third degree. The crime arose out of the receipt by defendant of moneys from an 11-year-old boy who had been stealing from his father over a period of time. Defendant urges several errors on this appeal, only one of which requires our comment. This is whether certain statements made by defendant to a person other than a police officer should have been suppressed. On February 21, 1973, defendant was arrested by the Windham Police Chief on a charge of petit larceny for allegedly taking gasoline from the Greene County garage. After questioning defendant about the gasoline, he was interrogated about receiving funds from the 11-year-old boy. As a result, two written statements were obtained by the police which the trial court suppressed as involuntary after a *Huntley* hearing. After the questioning concerning these two matters had been completed, at defendant's request, the complainant from whom the moneys had been stolen by his son and given to defendant, was brought to the police office in order to speak with the defendant. Defendant's admissions to complainant during this conversation were the subject of a second suppression hearing, after which the trial court determined that they were voluntarily, intelligently and knowingly made by defendant despite the fact that he was then in custody. Defendant contends that these statements should have been held to be involuntary and inadmissible as constituting the "fruit of the poisonous tree", citing *People* v. *Ruppert* (26 N Y 2d 437 and 29 N Y 2d 519). With this contention we do not agree. *Ruppert* is clearly distinguishable. Here, the conversation between defendant and complainant was neither instigated, nor prompted by the police officers. He was not acting under their direction or in co-operation with them. The record reveals that the officer who was sent to get complainant told him not to lose his temper; that if complainant thought he could not speak to defendant in a rational way, he should not come to the police office. Although two police officers were in the room during the entire conversation between defendant and complainant lasting between 20 and 30 minutes, they took no part in it. Defendant's statements were not the product of a threat, a promise or any coercive condition, nor were they directly produced by the existence of the earlier confession. Rather, the record demonstrates that defendant was apparently concerned with making restitution and hopefully terminating the matter. In our view, the conversation with complainant was not an interwoven part of one continuing interrogation process, but, on these facts, it was sufficiently insulated therefrom to have effected a purge of the taint underlying the first confession. (*Wong Sun* v. *United States,* 371 U. S. 471, 488.) We have considered defendant's other contentions and find them to be of no substance. Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.

---

* Fictitious Name.